IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| M.J.S., | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CASE NO. 4:20-CV-267-CDL-MSH |
| | : |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| | : |
|     Defendant. | : |
| | : |

## ORDER

Pending before the Court is Plaintiff's unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (ECF No. 22). Counsel filed the motion for fees on November 10, 2021, requesting $6,616.08 for 32.30 total attorney and legal assistant work hours at a rate calculated for the date that the time was billed and $400 in cost reimbursement. Mot. for Att'y's Fees 6, ECF No. 22. Counsel represents to the Court that he contacted counsel for the Commissioner who replied that they have no objection to the request. *Id.* Given that there is no objection to the amount of fees, number of hours requested, or hourly rate, and that the Court finds the request reasonable, Plaintiff's request for fees in the amount of $6,616.08 for attorney and legal assistant work, and $400 in cost reimbursement to be paid separately from the Judgment Fund, is hereby **GRANTED**.

The Commissioner shall determine after entry of this Order

whether Plaintiff owes a debt to the government that is subject to 31 U.S.C. §§ 3711 and 3716, which allow for the collection of a federal debt from the amount awarded to Plaintiff. If Plaintiff does owe a debt to the Government, his EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, *see Astrue v. Ratliff*, 560 U.S. 586, 596-97 (2010), and the Commissioner shall notify the Treasury Department that if any funds remain after the EAJA fee award is applied to his debt, the Treasury Department should issue a check for the remaining funds made payable to Plaintiff and mail that check to Plaintiff's counsel.

If the Treasury Department determines that Plaintiff does not owe a Federal debt subject to setoff, the Commission may exercise its discretion to honor Plaintiff's pre-award attempt to assign EAJA fees and pay the awarded fees directly to Plaintiff's counsel, and shall act consistently with its stipulation that it will honor the assignment in the event Plaintiff's EAJA award is not subject to a setoff. *See McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (pre-*Ratliff* decision finding that *Reeves v. Astrue*, 526 F.3d 732, 734-35 (11th Cir. 2008), does not prevent an assignment of fees).

SO ORDERED, this **15th** day of **November, 2021.**

S/Clay D. Land
CLAY D. LAND,
UNITED STATES DISTRICT JUDGE